[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 27, 2006
THOMAS K. KAHN
CLERK

No. 05-16210
Non-Argument Calendar

_____

BIA No. A97-190-480

LUIS MEDINA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 27, 2006)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Luis Medina petitions for review of the final order of the Board of Immigration Appeals (BIA) affirming without opinion the Immigration Judge's (IJ's) decision denying his application for asylum and withholding of removal under the Immigration and Nationality Act (INA), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment (CAT), 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c). Medina asserts the IJ's adverse credibility finding is not supported by substantial evidence because the IJ did not specify any internal discrepancies in Medina's testimony and only referenced alleged discrepancies between his testimony and asylum application. We deny his petition.

When the BIA issues a decision, we review only that decision, except to the extent the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, because the BIA expressly adopted the IJ's decision, we review the IJ's decision. The IJ's factual determinations are reviewed under the substantial evidence test, and we "affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005) (quotations and citations omitted) (alteration in original). "Credibility determinations likewise are reviewed under the substantial evidence test." *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 818 (11th Cir. 2004). "A credibility

determination, like any fact finding, may not be overturned unless the record compels it." *Forgue*, 401 F.3d at 1287 (quotations and citations omitted).

Adverse credibility determinations must be made explicitly. *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005). "The trier of fact must determine credibility, and this court may not substitute its judgment for that of the [IJ] with respect to credibility findings." *D-Muhumed*, 388 F.3d at 818. "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." *Forgue*, 401 F.3d at 1287 (citations omitted). "[A]n adverse credibility determination alone may be sufficient to support the denial of an asylum application" when there is no other evidence of persecution. *Id*. However, an adverse credibility determination does not alleviate the IJ's duty to consider other evidence produced by the asylum applicant, and the "IJ must still consider *all* evidence introduced by the applicant." *Id*. (emphasis in original).

Although minor inconsistencies will not support an adverse credibility finding, inconsistencies going "to the heart of [the] asylum claim" are sufficient to support such a finding. *Chebchoub v. I.N.S.*, 257 F.3d 1038, 1043 (9th Cir. 2001); *see also Nreka v. U.S. Att'y Gen.*, 408 F.3d 1361, 1369 (11th Cir. 2005) (holding the IJ's concerns about the credibility of the applicant on "key elements of the

claim" and the applicant's failure to rebut these with sufficient corroborating evidence and explanation supported finding that applicant did not qualify for asylum).[1]

Here, the IJ made an explicit adverse credibility finding without reaching the issue of Medina's statutory eligibility for asylum, withholding of removal, and relief under CAT. The IJ gave specific, cogent reasons for his credibility determination, and these findings are supported by substantial evidence. *See Forgue*, 401 F.3d at 1287. The IJ's adverse credibility finding was primarily based on (1) inconsistencies between Medina's asylum testimony and his declaration; (2) omissions in Medina's asylum application; and (3) inconsistencies between Medina's testimony and the police report filed by his mother.

Substantial evidence supports the IJ's finding there were material inconsistencies between Medina's asylum testimony, his declaration, and the police report filed by his mother. Medina testified he began receiving threats in March 2001, yet his declaration and asylum referral assessment state the threats began in 2000, and his mother reported his problems began in 2002. This

---

[1] Congress recently amended the law regarding credibility determinations, but those changes only apply to applications for asylum filed after May 11, 2005. REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, § 101(h)(2). Under the new law, the credibility determination is based on the totality of the circumstances, which may include inaccuracies or falsehoods that do not go to the "heart of the applicant's claim." *Id.* at § 101(a)(3). As Medina filed his application in 2003, his application is unaffected by this change.

inconsistency goes to the heart of his claim because his claim of past persecution is based on a series of alleged threats by the FARC, and his failure to recall when the threats began casts doubt on his entire claim. Further, he originally testified his mother was in Cali in November 2002, which is inconsistent with her statement she was threatened in her store, which was in Bogota, in November 2002. These inconsistencies also go the heart of his claim because he testified he did not intend to remain in the United States, but when his family received threats after his departure, he decided to stay. If he partly based his decision to remain in the United States on these threats, the inconsistencies in his account of the threats undermines his credibility. Accordingly, the IJ's finding that these inconsistencies were serious and material is supported by substantial evidence.[2]

Substantial evidence also supports the IJ's finding the omissions in Medina's asylum application were material. Medina did not mention in his asylum declaration that (1) he was transferred to the Kennedy neighborhood school; (2) he received three threatening notes from September through November 2001; (3) his mother was a victim of extortion by the FARC; or (4) he was physically harmed on

---

[2]To the extent the IJ rejected Medina's explanation for the inconsistency between the dates when Medina first started getting threats, *i.e.*, his lawyer failed to translate his testimony correctly, that finding is not supported by substantial evidence. The IJ first opined his attorney, Nora Relo-Maneto, was very competent, and she would have put Medina's claim in the asylum application had Medina mentioned it to her. Paradoxically, the IJ then specifically found Relo-Maneto did not prepare Medina's application.

March 8, 2002. These omissions go to the heart of his claim because his claim is based on the alleged threats he received in the classroom, his encounter with the urban guerrillas on March 8, 2002, and the threats his family received after he left. *See Xie v. Ashcroft*, 359 F.3d 239, 243-46 (3d Cir. 2004) (holding material inconsistencies between petitioner's asylum application and testimony and omissions in his asylum application reflected adversely on his credibility notwithstanding his claim that a travel agent filled out his application improperly).

Because the denial of asylum and withholding of removal cannot be based solely on an adverse credibility claim if the applicant offered "other evidence of persecution," this Court must next consider whether the IJ considered all the record evidence. *See Forgue*, 401 F.3d at 1287 (noting where an applicant produces other evidence of persecution, the IJ must consider that evidence, and it is not sufficient for the IJ to rely solely on the adverse credibility determination). The other evidence offered by Medina was the police report filed by his mother and the 2003 Country Report. For the reasons discussed above, the police report was materially inconsistent with his testimony and asylum application. Additionally, the Country Report, without credible testimony, does not help Medina's claim. Accordingly, the IJ's finding that Medina's testimony was not credible is supported by

substantial evidence, and nothing in the record compels this Court to reverse the IJ.

Thus, we deny Medina's petition for review.[3]

PETITION DENIED.

---

[3] Although Medina argues the IJ erred in finding he did not establish past persecution or a well-founded fear of future persecution on account of one of the statutorily protected grounds, we will not address those arguments because the IJ never reached the merits of Medina's asylum claim and denied his application based on the adverse credibility finding alone. *See Gonzales v. Thomas*, 126 S. Ct. 1613, 1615 (2006) (holding a court of appeals is generally not empowered to make findings on an issue the BIA neglected to address). Medina also contends the BIA abused its discretion in affirming without opinion the IJ's decision. We have held the BIA's summary affirmance procedure does not violate due process. *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1289 (11th Cir. 2003).